Eugene Moore, Auditor, v. Joseph Garneau, Jr.,
Commissioner General, et al.

Filed March 6, 1894.    No. 6752.

1. **Vouchers.** The term "voucher," when used in connection with
   the disbursement of money, means a written or printed instru-
   ment in the nature of a bill of particulars, account, etc., which
   shows on what account and by what authority a particular pay-
   ment has been made. (*State v. Moore*, 36 Neb., 579.)

2. ———.    *Held*, That the voucher finally presented to the state
   auditor in this case for audit and allowance conforms to the
   above definition, and is in legal form.

3. **World's Columbian Exposition:** Commissioner General:
   Power to Make Contracts.    By virtue of chapter 41, Session
   Laws, 1893, the commissioner general for this state at the
   World's Columbian Exposition, appointed under and in pursu-
   ance of said act, possessed the power or authority to contract for
   and purchase all property, as well as employ all labor, necessary
   for the successful presentation of the products, resources, and
   possibilities of this state at said exposition, and the state, in the
   absence of a showing of collusion or fraud, is liable to the person
   performing such labor, or furnishing said property, at the price
   stipulated therefor in the express contract entered into with the
   commissioner general.

Error from the district court of Lancaster county.
Tried below before Strode, J.

*George H. Hastings, Attorney General,* and *C. A. Atkin-
son,* for plaintiff in error.

*Frank T. Ransom, contra.*

Norval, C. J.

This was an appeal to the district court of Lancaster
county from the decision of the auditor of public accounts
in rejecting, in part, a claim upon the state treasury in
favor of the Henry Dibblee Company.    Upon the trial the
district court reversed the decision of the auditor, and en-

tered a finding in favor of the claimant for the sum of $3,280, and directed the auditor to issue a warrant upon the treasury for said sum in payment of said claim of the Henry Dibblee Company. The auditor has brought the cause into this court for review by petition in error.

The record before us discloses that Joseph Garneau, Jr., the commissioner general for this state at the Columbian Exposition, entered into a contract with the Henry Dibblee Company of Chicago, whereby the latter agreed to furnish certain furniture, fixtures, and decorations required for the Nebraska state building and the exhibits of this state in the various exposition buildings, for the stipulated sum of $4,000. In pursuance of said contract all of said furniture, fixtures and decorations were furnished and delivered. Subsequently, under other contracts with the commissioner general, the Henry Dibblee Company furnished and delivered on the exposition grounds for the use of the state in making its exhibits certain other furniture and property for the stipulated price of $2,856. The aggregate of the several purchases is $6,856, on which there has been paid $3,628, and no more. The claim for the balance of the account was filed with the auditor, who allowed thereon $872, and rejected the remainder of the claim. A warrant was drawn for said last named sum, which the claimant declined to accept, but prosecuted an appeal to the district court.

The answer filed by the auditor in the district court alleges, in substance:

First—That all the goods and furniture described in the petition, and for which voucher was presented to the auditor, were not purchased of the Henry Dibblee Company.

Second—That the voucher filed with the auditor was not in proper form.

Third—That the prices agreed upon by and between the claimant and the commissioner general "are extravagant, unjust, illegal, and unwarranted, and greatly in excess of the value of the goods, furniture, and property."

Upon the trial in the court below the auditor did not offer any proof to establish the first defense interposed. On the contrary, the evidence introduced by the other side conclusively established that each and every item specified in the claim presented to the auditor was actually furnished and delivered by the claimant to Mr. Garneau on the exposition grounds, and was used by the latter in furnishing and decorating the Nebraska state building and in arranging and making the display of the several exhibits of this state at the fair. The property and decorations so furnished were necessary for the proper carrying into effect the act of the legislature. Nothing further under this branch of the case need be said.

As to the form of the voucher submitted for audit and allowance, we do not understand that the auditor now seriously urges any objection. As first filed in the auditor's office the voucher was not in proper shape, in that there was no itemization of the articles furnished and the prices charged for each article. The following is a copy of the account:

"THE STATE OF NEBRASKA,

"To HENRY DIBBLEE Co., Dr.

" To itemized account and receipted bill hereto attached for merchandise furnished as therein stated:

To item for educational exhibit (A)..................... $1,978

To item for state building, including painting of
    all the walls and wood work (B)..................... 4,000

Item of extras for furniture for dairy, forestry, educational, and agricultural exhibits, and extra furniture for state building (C)......................... 878

                                                  $6,856

Less cash paid............................................. 3,628

                                                  $3,228

"To be charged to appropriation for Nebraska exhibit at World's Columbian Exposition, approved April 8, 1893.

"I hereby approve and allow the above claim in the sum of $3,228, and certify the same to be in all things just and correct, and that it is due the party named herein, and is wholly unpaid.          Jos. Garneau, Jr.,

"*Commissioner General Nebraska Exhibit, World's Columbian Exposition.*"

For the $1,978 and $4,000 charges no list of the goods furnished making up the same with the prices charged accompanied the voucher, hence the auditor would not have been justified in allowing the claim as first presented. In *State v. Moore,* 36 Neb., 579, this court held that an original voucher, when used in connection with the disbursement of money, means a written or printed instrument in the nature of a bill of particulars, account, etc., which shows on what account and by what authority a particular payment has been made. (*People v. Swigert,* 107 Ill., 495.) Subsequently, at the request of the auditor, the claimant brought itself within the above decision, for a detailed itemized bill was furnished the auditor, which was attached to the original voucher presented for allowance. The voucher, with the exhibits thereto attached, when finally acted upon, was sufficient.

There was evidence before the trial court, given by credible witnesses, which fully justified the contention of the auditor, that many of the prices charged by the claimant greatly exceeded the fair and reasonable market value of the goods and property furnished, and that under ordinary circumstances they ought to, and could, have been purchased at a sum which would have resulted in a saving to the state of several hundred dollars. There is also evidence which tends to show that goods of the character and class furnished the commissioner general by the claimant, as well as most other kinds of goods, were held and sold in Chicago during the exposition at extravagant prices.

Mr. Garneau in his testimony states, with reference to the purchase of the property, that he submitted plans and specifications for estimates and bids to five persons in Chicago and two in Omaha; that the Omaha firms stated they could not offer a bid, from the fact they could not do so on the details without sending a man to Chicago to look it up; that three of the Chicago parties absolutely declined to bid, stating that they had more work than they could get done; that bids were received from two firms, that of the Henry Dibblee Company being $80 lower; that he purchased the property described in the voucher at the lowest possible figure for which the goods could be procured at the time the same were bought; and that the bill as rendered the state was the contract price agreed upon between the witness and the claimant. Upon the conflicting testimony the trial court decided against the state. As already stated, all the articles charged in the voucher were furnished under express contracts, the prices being at the time agreed upon. There is no charge of fraud or collusion between Mr. Garneau and the claimant in the transaction, nor is there a particle of evidence in the record upon which such a charge could be predicated. Mr. Garneau was the representative or agent of the state, and as such, by virtue of the act under which he was appointed, possessed the power or authority to purchase the goods in question, as well as appoint assistants and employ such clerical and other help deemed necessary for the presentation of the work. The state, in the absence of fraud, is bound by the contracts under which the property was furnished. It is an elementary rule that a principal is bound by the acts and contracts of his agent within the scope of the agent's authority; and we do not know of any reason why the same rule should not apply to the state as well as an individual. Had no prices been agreed upon, then the state would have been liable for the fair market value of the goods, and no more. The decision of the district court is

AFFIRMED.