CASE 8—PETITION EQUITY—JUNE 29.

# Veach, &c. v. Wickersham, &c.

### APPEAL FROM MERCER CIRCUIT COURT.

1. ASSIGNMENT OF A JUDGMENT TO A SURETY ON HIS PAYING.—At common law a surety who paid a judgment against himself and his principal had no right to demand an assignment thereof to himself, but was compelled to resort to his action on the promise implied by law. (9 Dana, 433; 2 B. Monroe, 186; 1 Metcalfe, 407; 1 Bush, 474.)

2. PRINCIPAL MUST BE PARTY TO PROCEEDING TO COMPEL THE ASSIGNMENT.—The statute entitles a surety on paying a judgment to demand an assignment thereof to himself from the plaintiff; and on his refusal to do so the surety may, by proper proceedings, compel him to make it; and it may be that after the case has gone off the docket, and the parties are out of court, the court could make the necessary orders to vest in the surety the right to control the judgment to which the statute entitles him; but it is necessary to the validity of such order that the principal should have notice of the application for it, and opportunity to defend and show cause against it.

E. J. POLK, . .　⎫
　　　　　　　　　⎬　. . . . . . . . . For Appellants,
THOS. C. BELL; ⎭

CITED

　　1 Bush, 475, Joyce v. Joyce's adm'r.
　　1 Dana, 476, Combs v. Boswell.

J. B. & P. B. THOMPSON, JR., . . . . . . For Appellees,

CITED

　　Revised Statutes, 2 Stanton, p. 398.
　　Civil Code, section 479.
　　Myers's Supplement, p. 295.
　　2 Bibb, 220, May v. Johnston.
　　1 Bush, 476, Joyce v. Joyce.
　　2 Bibb, 287, Adams v. Ashby.
　　3 Bibb, 105, Philips v. Morrison.
　　3 Littell, 51, Jones v. Henry.

2 J. J. M. 436, Fitzhugh v. Croghan.

7 Mon. 608, Dicken v. Griffith.

3 Dana, 88, Helm v. Jones.

7 Mon. 450, Herndon v. Bartlett.

5 Dana, 444, Bowling v. Dobyn.

9 Dana, 433, Morrison v. Page.

1 B. Mon. 177, Hite v. Hite.

3 B. Mon. 85, Chiles v. Boon.

4 Mon. 174, Whittington v. Roberts.

7 Mon. 62, South v. Thomas.

| 1 Johns, 34. | 10 John. 104. |
|---|---|
| 3 Starkie's Ev. 1084. | 11 Ves. 22. |
| 2 Vern. R. 608. | 14 Ves. 159. |

1 Dana, 337, Clark v. Schwing.

5 Dana, 246, Patterson v. Pope.

1 Mar. 63, Sebastian v. Thompkins.

1 Bibb, 320, Piatt v. Craig.

6 B. Mon. 287, Scott v. Hall.

5 Bush, 421, Patrick v. Swinney.

4 Dana, 504, Ditto v. Ditto's adm'r.

5 Bush, 447, Warren v. Perry.

1 Story's Equity, sections 499, 500.

21 How. 455, Sturgis v. Clough.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

At the April term, 1855, of the Mercer Circuit Court McDowell & Young recovered two judgments against E. D. Veach, Wm. Veach, James Veach, L. C. Cornish, and Sampson Wickersham. Cornish and Wickersham were sureties for the Veaches. The judgments were replevied, and in December, 1855, executions issued on the replevy bonds were paid in equal proportions by the sureties, and returned satisfied.

Wickersham having given notice thereof to McDowell & Young, but without notice to or appearance on the part of the Veaches, moved the Mercer Circuit Court, at its November term, 1869, to enter an order indorsing one half of each of said judgments for his benefit, and empowering him to sue out execution thereon. An order was made as asked, and executions having been issued and levied on the property of William and James Veach (E. D. Veach having died in the meantime),

they brought this suit to enjoin further proceedings on the executions, upon the ground among others that the orders of the circuit court making the transfer of the judgments and allowing executions to issue thereon for the benefit of Wickersham were void.

The court below having dissolved the injunction in part, the Veaches prosecute this appeal.

At the common law a surety who paid a judgment against himself and his principal had no right to demand an assignment of the judgment to himself, but was compelled to resort to his action on the promise implied by law. (Morrison v. Page, 9 Dana, 433; Morris v. Evans, 2 B. Mon. 86; Alexander v. Lewis, 1 Met. 407; Joyce v. Joyce, 1 Bush, 474.)

Section 8, chapter 97, Revised Statutes, provided that where a surety paid the whole or a part of a judgment or decree, he should have a right to an assignment thereof from the plaintiff or his attorney, and that such assignment should give him the right to sue out or use any existing execution or otherwise to control the judgment or decree for his own benefit.

In this case the surety failed to secure an assignment of the judgments from the plaintiffs or their attorney; but nearly fourteen years after he had paid the judgments, and long after the promise of the principal implied by law to reimburse the surety was barred by the statute of limitations, the latter, without notice to his principal, obtained an order assigning the judgments to him and authorizing him to sue out executions thereon.

When a surety pays a judgment the statute entitles him to demand an assignment, and if it be demanded and refused he may, no doubt, by proper proceedings, compel the plaintiff in the judgment to make it; and it may be that after the case has gone off the docket, and the parties are out of court, the court could make the necessary order to vest in the surety the right to control the judgment to which the statute entitles him.

·But it is certainly necessary to the validity of such an order that the principal should have notice of the application for it, and opportunity to defend and show cause against it.

The payment by the surety without taking the assignment provided for by statute satisfies the judgment, and creates a liability in his favor against the principal upon an implied promise; and a subsequent transfer, if it operates at all, operates to resuscitate the judgment. It may well be doubted whether this can be done at all; but whether it can or not, it is clear that it can not be done without notice to the principal, the character of whose obligation to his surety would be thereby changed from an implied assumpsit to a judgment.

The case of Alexander v. Lewis (1 Met. 408), when carefully considered, gives no support to the proceedings had in this case, which eventuated in the orders assigning the judgments in favor of McDowell & Young to Wickersham. In that case a separate judgment was rendered against the surety ·who satisfied the debt; subsequently judgment for the same debt was rendered against the principals, and thereupon the surety, while all parties were not only constructively, but actually in court, moved the court to assign to him the unsatisfied judgment against the principals, to which the latter ·objected; but the court, upon proof being made that Lewis was surety and had paid the debt, made the assignment; and from that order the principals appealed.

This court entertained the appeal and affirmed the order making the assignment.

All that was decided in that case was that the creditor, the principals, and the surety being before the court, the court had authority to make an assignment to the surety of an unsatisfied judgment against his principals for the same debt which had been paid by the surety. The surety demanded ·the assignment at the very time when judgment was rendered against his principals, and they were present in court and had

notice of the motion and an opportunity to make defense, and it may be that if Wickersham had given the appellants notice of his motion that the court would have had jurisdiction to make the order; but upon this point we mean to reserve our opinion until its decision shall be rendered necessary.

Judgment *reversed*, and cause remanded with directions to perpetuate the injunction.