STATE OF NEBRASKA, EX REL. J. S. DALES, STEWARD OF THE UNIVERSITY OF NEBRASKA, V. EUGENE MOORE, AUDITOR OF PUBLIC ACCOUNTS.

| 36 | 579 |
| 37 | 138 |
| 37 | 508 |
| 37 | 518 |
| 36 | 579 |
| 39 | 514 |
| 36 | 579 |
| 46 | 378 |

FILED MARCH 30, 1893.     No. 6073.

1. **Appropriation for Library Building for State University**: AUDITOR OF STATE: VOUCHERS. Under the provisions of the act making an appropriation for the current expenses of the state for the years ending March 31, 1892, and March 31, 1893, etc., approved April 6, 1891, whereby an appropriation of $37,000 was made for fire-proof library building at the state university, no part of said appropriation can be drawn except upon proper vouchers filed with the auditor of public accounts.

2. ———: DISBURSEMENT OF MONEY: DEFINITION OF VOUCHER. The term "voucher," when used in connection with the disbursement of money, means a written or printed instrument in the nature of a bill of particulars, account, etc., which shows on what account and by what authority a particular payment has been made.

3. ———: ———: VOUCHERS. There is no authority for the secretary of the board of regents of the state university to draw any money appropriated for the university or any of its buildings except upon vouchers duly certified.

4. **Appropriations by Legislature**: LAPSE. No appropriations made by the legislature will lapse before the end of the first fiscal quarter after the adjournment of the next regular session, unless there is a special provision in the act itself providing that if it is not used by a certain time that it shall lapse.

5. **The fiscal year** begins on the first day of December of each year.

ORIGINAL application for *mandamus*.

*J. S. Dales*, relator, *pro se.*

*W. S. Summers, Deputy and Acting Attorney General,* contra.

PER CURIAM.

This cause is submitted to the court on the following agreed state of facts:

The relator sets forth :

" First—That he is the steward of the university of Nebraska, and secretary of the board of regents of said university, and as such is duly authorized and empowered to draw upon the auditor of public accounts of Nebraska, by proper certificates and vouchers, in due form, for amounts appropriated for the use of the university of Nebraska by the legislature of this state.

"Second—That the legislature of 1891, by a bill approved April 6, 1891, appropriated the sum of thirty-seven thousand dollars ($37,000) for the use and benefit of the university of Nebraska in the erection of a fire-proof library building (in part).

"Third—That under this appropriation the university authorities entered into a contract, bearing date the second day of July, 1892, with Abraham Rosenberry, of Omaha, Nebraska, in the sum of eighty thousand nine hundred and forty-eight dollars ($80,948), for the erection of a library building; such building to be completed on or before the first day of December, 1893.

"Fourth—That said Abraham Rosenberry has begun work under this contract, and has completed work and furnished materials and rendered services under said contract to the amount of about twenty thousand dollars ($20,000).

"Fifth—That the work upon said building was suspended about the middle of December last because of the cold weather, and has not since been resumed for the same reason.

"Sixth—That the said contractor, both by the terms of his contract and by special orders from the university authorities, will continue this work upon the said library

building under the said contract as soon as the weather will permit.

"Seventh—That there is still remaining unexpended of the thirty-seven thousand dollars appropriated by the legislature of 1891, for the purpose aforesaid, as above stated, the sum of twelve thousand nine hundred sixty-eight dollars and two cents ($12,968.02.)

"Eighth—That this amount will become due the said contractor under the said contract as the work progresses.

"Ninth—The relator further shows that on the 29th day of March, 1893, he drew a certificate, No. 6337, and voucher, in the usual and proper form, upon the auditor of public accounts for twelve thousand nine hundred sixty-eight dollars and two cents ($12,968.02), being the unexpended balance of said appropriation; that no objection is made by the said auditor to the form nor to the amount of said certificate and voucher.

"Tenth—That the said auditor has returned the said certificate and voucher with a communication in writing to the relator herein, which is as follows:

"'LINCOLN, March 29, 1893.

"'J. S. Dales, Esq., Steward State University, City—MY DEAR SIR: I return to you herewith university certificate No. 6337, drawn for $12,968.02, on account of the appropriation made by the legislature of 1891 for the erection of a fire-proof library building (in part). I must decline to pay the same at this time for the reason that it nowhere appears that the work has been done, materials furnished, or services rendered upon which this amount can apply, this being, as I am informed, the unexpended balance of the appropriation. As I understand it, the contract for the erection of this fire-proof library building does not provide for the payment of any moneys by the state in advance. It seems proper that I should also notify you at this time that I must refuse to issue any warrants against

this fund after March 31, 1893, for the reason that all un-
expended balances will then lapse into the state treasury.

"'I am very cordially yours,.

"'EUGENE MOORE,
"'Auditor P. A.'

"Eleventh—The relator further shows that under this.
ruling of the state auditor it is impossible for him to now
withdraw the unexpended balance of the appropriation in
question for the use of said university for payments upon
the said contract after work has been resumed, and equally
impossible for him to draw the said unexpended balance
by other certificates and vouchers at other times hereafter
during the progress of said work.

"Twelfth—The relator therefore asks for an order of
this court that the said auditor shall pay the amount of
twelve thousand nine hundred sixty-eight dollars and two
cents ($12,968.02) upon the presentation of said certificate
No. 6337 and voucher, to which reference is made above;
or that the court shall order that the said auditor shall
honor and pay such other certificates and vouchers as may
be drawn upon this fund for payments under the said con-
tract for said library building, as the work progresses, and
at such times or within such limits as this court shall
direct."

The act approved April 6, 1891, provides "that the fol-
lowing sums of money, or so much thereof as may be
necessary, are hereby appropriated out of any money in
the treasury, not otherwise appropriated for the payment
of the current expenses of the state government for the
years ending March 31, 1892, and March 31, 1893, and to
pay miscellaneous items of indebtedness owing by the
state of Nebraska. * * * "Fire-proof library build-
ing (in part), $37.000.00." * * *

Section 2 of the act provides that "The auditor of pub-
lic accounts is hereby authorized and required, upon the

presentation of the proper vouchers, to draw his warrants on the state funds, and against the appropriations as made in section one (1) of this act, and in favor of the party performing the service, for the amount due; and such warrants shall give the name of the person and nature of the service."

" Voucher " is defined in the Century Dictionary as follows: " Book, paper, document, or stamp which serves to prove the truth of accounts, or to confirm and establish facts of any kind; specifically, a receipt or other written evidence of the payment of money." The term " voucher," when used in connection with the disbursement of money, means a written or printed instrument in the nature of a bill of particulars, account, etc., which shows on what account and by what authority a particular payment has been made. (*People v. Swigert*, 107 Ill., 495.)

It will be observed that the auditor is authorized to draw his warrant only in those cases where the proper vouchers are presented to him. The warrants are to be drawn from time to time as may be required, the filing of vouchers being the evidence upon which the auditor is to act. There is no authority for the secretary of the board of regents to draw any portion of the appropriation except as he may present vouchers for work or material expended in the prosecution of the contract. The agreed statement of facts, therefore, wholly fails to entitle the relator to draw the money in question and the writ is denied.

But the appropriation does not lapse on the 31st day of March, 1893. It is true the language of the act apparently restricts the appropriations to March 31, 1893, but section 19, article 3, of the constitution provides that "Each legislature shall make appropriations for the expenses of the government until the expiration of the first fiscal quarter after the adjournment of the next regular session, and all appropriations shall end with such fiscal

Cortelyou v. Hiatt.

quarter," etc.   The construction of this section was before
this court in *State v. Babcock,* 22 Neb., 33.   In that case
an appropriation was made by the legislature of 1885 for
the purpose of sinking a well in the salt basin.   The
succeeding legislature adjourned *sine die* March 31, 1887,
and it was held that the appropriation continued until
August 31 of that year (citing *People v. Swigert,* 107 Ill.,
494; *People v. Lippincott,* 64 Id., 256; *People v. Needles,*
96 Id., 575), unless there is a special provision in the act
itself declaring that if the money is not used by a time
stated the appropriation shall lapse.

Under the provisions of sec. 9, art. 4, ch. 83, Comp. Stats.,
the fiscal year commences on the 1st day of December in
each year and ends on the 30th day of November.   Under
the provisions of the constitution, therefore, this appropria-
tion is available until the end of the first fiscal quarter after
the adjournment of the present legislature.

WRIT DENIED.