# Fidelity & Deposit Co. of Maryland v. Sousley, et al.

(Decided December 5, 1912.)

## Appeal from Fleming Circuit Court.

1. Principal and Surety—Right of Surety to Reimbursement—Limitation.—A surety who satisfies a judgment may, without obtaining an assignment of the judgment, recover from his principal the amount paid, on the implied promise of the principal to reimburse him, but he must bring his action within five years from the date of the payment or else it will be barred by limitation.

2. Principal and Surety—Assignment of Judgment.—Under section 4666 of the Kentucky Statutes a surety who pays a judgment is entitled to have an assignment thereof, and this assignment need not be made a matter of record. A written assignment will give to the surety all the rights against his principal that he could have acquired by an assignment.

3. Principal and Surety—Assignment of Judgment—Limitation—Notice.—The assignment of a judgment, if made at any time within five years from the date of its satisfaction by the surety, will substitute the surety to all the rights of the judgment plaintiff, but after the expiration of five years the surety will not acquire any rights by the assignment of the judgment unless his principal consents to the assignment. But within the five years he is entitled, as a matter of right, to the assignment, and his principal cannot defeat him in the exercise of this right.

4. Principal and Surety—Assignment of Judgment—Rights of Principal Debtor.—If a surety obtains an assignment of a judgment out of court, the principal may, when his surety attempts to collect the judgment, assert any defense he may have against his right to collect it.

5. Principal and Surety—Assignment of Judgment.—The party who appears on record to be the plaintiff in the judgment may assign it to a surety who pays it, and the assignment will pass to the surety all rights the assignor had in the judgment and the right to enforce it to that extent, although the judgment plaintiff may not in fact own all the judgment.

6. Principal and Surety—Assignment of Judgment.—A surety in the bond of a fiduciary who is compelled to satisfy a judgment obtained against his principal in a fiduciary capacity, may proceed against him individually to enforce satisfaction of the judgment.

7. Principal and Surety—Payment of Judgment by Surety.—The payment by a surety of a judgment against him and his principal, or against him alone, does not extinguish the judgment, and the surety may take an assignment of it from the judgment plaintiff and control it for his benefit.

R. J. BABBITT, J. H. POWER for appellant.

B. S. GRANNIS, JOHN P. McCARTNEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1896 R. H. Sousley and B. K. Hart qualified as assignees of David Wilson, under a general deed of assignment, with the appellant company as surety. In May, 1902, the Louisville National Banking Company obtained a judgment in the Fleming Circuit Court against Hart & Sousley, as assignee of Wilson, for $1,850, with interest from the date of the judgment until paid. Upon this judgment an execution, issued in July, 1902, and in September, 1902, was returned "no property found." After this the Louisville National Banking Company and Henry L. Stone, who it appears had some interest in the judgment, brought suit in the Jefferson Circuit Court against the appellant company to recover from it as surety of Hart & Sousley the amount of the Fleming County judgment against them, and in March, 1903, they obtained judgment against the appellant company for the same amount that judgment had been rendered against Hart & Sousley. In January, 1904, the appellant company satisfied this judgment and also the judgment in the Fleming Circuit Court, in favor of the Louisville National Banking Company by paying the amount of the judgments with interest and costs.

Upon its payment of the Fleming County judgment the Louisville Banking Company in 1904 assigned in writing to the appellant company the Fleming County judgment. The assignment, after setting out some preliminary facts, recites that "whereas, by virtue of the bond executed by said Hart & Sousley, as principals, and the Fidelity & Deposit Company of Maryland, as surety, to secure the faithful performance of their duties by said Hart & Sousley, as assignees of David Wilson, said Fidelity & Deposit Company became liable to said banking company for the amounts recovered by said judgment, and whereas said Fidelity & Deposit Company has paid the whole of said judgment, and said banking company has been fully satisfied with respect to all its rights under such judgment, now, therefore, said Louisville National Banking Company in consideration of said payment of said judgment as aforesaid, hereby assigns to said Fidelity & Deposit Company of Maryland said judgment and all said bank's rights in, to, and under said judgment, without recourse against said bank in any event."

Afterwards, and in December, 1911, the Louisville National Banking Company and Henry L. Stone each

made written assignments of the Jefferson County judgment to the appellant company and Stone also assigned to it his interest in the Fleming County judgment. In December, 1911, this suit was brought by the appellant against Hart & Sousley to recover from them the amount it had been compelled to pay as their surety in satisfaction of the judgment rendered against them as assignees in the Fleming Circuit Court.

To this suit an answer was filed by Hart & Sousley, consisting of several paragraphs, but the substance of the defense was: (1) That the judgments relied on by appellant as the basis of its action were extinguished and satisfied in January, 1904, and as the assignment of these judgments to it were of no effect, its right to a recovery rested entirely on the implied promise of Hart & Sousley, its principals, to repay to it the amount it had paid for them as surety and was barred by the five year statute of limitation; (2) that the assignments of the judgments were void because no notice was given to Hart & Sousley that the judgment plaintiff would be requested to make the assignments, or that they had made the assignments; (3) that as the Fleming County judgment was rendered against Hart & Sousley as assignees, the appellant acquired no right against them as individuals by virtue of the assignment of that judgment; (4) that the assignment of the Fleming County judgment by the Louisville Banking Company was only operative as to one-half of the judgment, as Henry L. Stone was the owner of the remaining one-half; (5) that as the Jefferson County judgment was based on the Fleming County judgment the latter judgment was merged in the former and the assignment of it passed nothing to appellant; (6) that the assignment of the Jefferson County judgment, which was made in 1911, more than five years after the judgment had been satisfied by the appellant, was of no effect, because the right of the appellant, if it had any, to recover on the juddgment against Hart & Sousley was then barred by the five year statute of limitation.

In disposing of the case we will consider only in a general way these defenses, as it does not appear to be necessary that each of them should be taken up, separately. The record shows that the Fleming County judgment was rendered in behalf of the Louisville Banking Company against Hart & Sousley as assignees. It was, therefore, only necessary that the appellant, when it sat-

isfied this judgment, should procure from the banking company an assignment of it. If, however, Stone, by reason of some private arrangement between himself and the banking company, had an interest in the judgment, the assignment of the judgment by the banking company only passed to the assignee the interest that the banking company owned, and as the surety only obtained within five years from the date of the Fleming County judgment an assignment from the banking company, and not from Stone, it is only substituted to the rights of the banking company in the Fleming County judgment. This Fleming County judgment was not satisfied by appellant until some two years after its rendition, when it satisfied the judgment rendered against it in the Jefferson Circuit Court; but this circumstance is of no material importance. The appellant did not suffer any loss by reason of its suretyship until it satisfied the judgment against its principals, and it was not entitled to an assignment of the judgment until it had satisfied it. It was not necessary that it should have obtained, in 1904, or indeed at any time, an assignment of the Jefferson County judgment. There was no reason why it should take an assignment of a judgment against itself, and so the assignment of the Jefferson County judgment to it by the banking company and Stone do not add anything to the strength of appellant's case or take anything from it.

The rights of the parties are to be judged by the effect of the judgment in the Fleming Circuit Court, and the assignment of this judgment to appellant. If appellant is entitled to recover, its right to do so must rest on the effectiveness of the assignment of the Fleming County judgment, because if this assignment did not enlarge its rights as a surety, and they must rest on the implied promise of the principals to repay the amount it was compelled as surety to pay for them, its claim is barred by the five year statute of limitation.

A surety who pays a judgment for his principal without taking an assignment of the judgment against the principal that he paid can only recover from his principal upon the implied promise that the law raises in his behalf, and he must proceed to obtain relief upon this implied promise within five years from the date of the payment. Bowman v. Wright, 7 Bush, 375; Robinson v. Jennings, 7 Bush, 630; Duke v. Pigman, 110 Ky., 756. But the rights of a surety who satisfies a judgment have been enlarged by the statute, and when a surety takes a

statutory assignment of a judgment against his principal within five years from its rendition he steps into the shoes of the judgment plaintiff and has all the rights against his principal that the judgment plaintiff would have. Joyce v. Joyce, 1 Bush, 474. Among other rights that the surety acquires by obtaining within the five years a statutory assignment is the one extending the time in which he may proceed against his principal for reimbursement. His right to recover against his principal is not limited to an action on the implied promise and barred within five years if no action be taken, but extends for the same period of time that the right of the judgment plaintiff would extend. Therefore, if the assignment of the Fleming County judgment was made in the manner provided in the statute the five year statute of limitation relied on by appellee constitutes no defense. This statute, which is section 4666 of the Kentucky Statutes, reads as follows:

"If the surety pays the whole or part of a judgment he shall have a right to an assignment thereof from the plaintiff or the plaintiff's attorney, in whole or in part; and when the plaintiff has been fully satisfied, such assignment shall give him the right to sue out or use any existing execution, or otherwise control the judgment for his own benefit against other defendants, so far as to obtain satisfaction from the principal for the whole amount so paid by the surety with interest, or from any co-surety his proper part of such payment according to the principles of the last section. Such assignment shall also transfer to the sureties so paying the benefit of any lien existing under or by virtue of such judgment; and the right to the assignment shall exist, though the money was made or secured by sale of the property of the surety under execution."

Under this statute the appellant, when it satisfied the judgment, had a right to an assignment thereof, and this assignment it obtained. The statute does not require that the assignment of a judgment shall be in writing or be made a matter of record or that the assignment shall be entered on the record book in which the judgment is entered. An assignment within five years will give to the surety all the rights against his principal that he could acquire by an assignment of record. Patton v. Smith, 130 Ky., 819; Brown & Bro. v. Lapp, 19 Ky. Law Rep., 409; Freeman on Judgments, volume 2, section 422.

It is, however, earnestly insisted by counsel for appellee that the assignment of a judgment to be effective must be made after notice to the principal debtor, and that unless the principal debtor is given notice of the fact that an assignment will be requested or that an assignment has been made, so that he may, if he desires, contest the right of the surety to the assignment, he will not be affected by it. In support of this proposition our attention is called to Veach v. Wickersham, 11 Bush, 261.

In that case it appears from the opinion that in April, 1855, McDowell and Young recovered judgments against Veach, Cornish and Wickersham, the latter two being the sureties of Veach, and as such sureties they were compelled to and did satisfy the judgment, in 1855. In 1869, fourteen years after the satisfaction of the judgment by the sureties, Wickersham, without notice to Veach, procured an order from the court in which the judgment was rendered, endorsing one-half of the judgment for his benefit and empowering him to sue out execution thereon. Execution having been issued in favor of Wickersham, Veach contested his right to collect the execution, and his contention was sustained by the court.

It will be observed that in that case the surety did not seek to secure an assignment of the judgment until after the expiration of five years from its rendition, or until after his right of action upon the implied promise of Veach had been barred by limitation. At the time Wickersham obtained the assignment he had no enforceable demand against Veach, and the court under this state of facts, said that it was necessary to the validity of the order of the court making the assignment that Veach should have had notice of the application for the order and opportunity to defend and show cause against it. That case does not hold that within five years after the rendition of the judgment the surety may not obtain, without notice to his principal, an assignment of the judgment from the judgment plaintiff. Of course when the surety's right of action is barred by limitation, and he undertakes to revive his cause of action by obtaining through an order of court an assignment of the judgment, he must give notice to his principal, so that the principal, if he desires, may defeat his right to the assignment upon the ground that his claim is barred by limitation.

It can readily be seen that after the surety's right of action is barred he should not be permitted through an order of court to restore it to life without notice to the principal, but when his right of action is not barred, it is not necessary that he should give notice to his principal of his intention to obtain an assignment of the judgment. A surety who satisfied a judgment is entitled, as a matter of right, to an assignment of it within the five years, and this right the principal debtor cannot obstruct or defeat if the judgment was in fact paid by the surety.

The case of Plummer v. Talbott, 50 S. W., 1097; 21 Ky. L. R., 30, is also relied on by appellee. In that case it appears that in 1894 Plummer, who was a member of a partnership, bought out the other members and executed his note for the purchase price of the partnership stock. Failing to meet these notes, Plummer, in 1895, returned what he had bought to his partners, and a contract was then entered into by which his partners agreed to pay off the firm debts and save Plummer harmless therefrom. After this contract was made, a creditor of the old firm obtained judgment against Plummer in the quarterly court, the other partners defeating in that court a recovery against them. From the judgment, refusing him relief against the other members of the firm, the creditors appealed to the circuit court, and in that court obtained a judgment against the other members of the firm. The result of this was that the creditor had a judgment in the quarterly court against Plummer and a judgment for the same debt in the circuit court against the other members of the firm. After this the other members of the firm obtained from the creditor, without notice to Plummer, an assignment of the quarterly court judgment against Plummer, and sought to collect it. Plummer, after setting up the facts before stated, sought to enjoin the collection of the execution, but the lower court dismissed his petition.

In reversing the case this court said, that under the facts stated in the petition of Plummer seeking to enjoin the collection of the execution, he did not owe any part of the debt, and, therefore, the other members of the firm were not entitled to an assignment of the quarterly court judgment without notice to him. The court further said: "If the debt is the debt of Plummer alone, he is not hurt by the assignment, but if it is a firm debt, and he owes only a part of it, or if it is a debt

against which he is to be saved harmless under the contract, then the injunction is to be perpetuated."

The difference between that case and this is apparent. In that case, according to the averments of Plummer's petition, he did not owe the judgment and the other members of the firm had no right to an assignment, or to collect it from him. In this case it is not denied, and we take it, could not be, that Hart & Sousley, as assignees, should have paid the Fleming County judgment against them, but failing to pay it, the appellant, as their surety, was compelled to satisfy it, and the only defenses they make to the right of the surety to recover against them the part of that judgment owned by the banking company are purely technical. They have no meritorious defense as Plummer had or as Veach had.

If Hart & Sousley had a defense, the fact that the appellant obtained an assignment without notice to them, would not prevent them from making the defense in this action. For example, if a person who obtains an assignment of a judgment under the statute was not in fact a surety, or if his right to the assignment was barred by limitation, or if his claim against his principal had been satisfied, or for any other reason should not be paid, the principal can make his defenses when it is sought to collect the judgment debt under the assignment, unless the assignment was made by an order of court after due notice to the principal and opportunity to resist in court the assignment.

There is no merit in the contention that, as the Fleming County judgment was against Hart & Sousley as assignees, the appellant, who as surety satisfied that judgment, cannot proceed against them as individuals. The judgment against them in the Fleming Circuit Court was caused by their failure to faithfully discharge their duties as assignees, as may be seen by an examination of Stone v. Hart, 66 S. W., 191, and Wilson v. Fidelity & Deposit Co., 76 S. W., 1095.

When a fiduciary, by his wrongdoing or faithless performance of his trust, causes his surety to suffer a loss, the surety may proceed against him individually to recover what he has been compelled to pay. If this were not so, a faithless fiduciary could put the burden of his wrongdoing upon his surety and escape liability for loss occasioned by his breach of duty.

Nor did the payment of the Jefferson County judgment by the surety have the effect of extinguishing the

liability of Hart & Sousley under the Fleming County judgment. When the surety paid off the Jefferson County judgment against it and took an assignment of the Fleming County judgment, this act plainly showed that it was not intended, in satisfying this judgment, to extinguish its right to reimbursement against the principal. Roberts v. Bruce, 91 Ky., 379. Aside from this the legal presumption is, and should be, that the payment of a judgment by a surety does not extinguish it so as to deprive the surety of the right to an assignment of the judgment for his benefit against the principal.

The judgment creditor had a right to bring this suit against the surety alone in Jefferson County, and when the surety satisfied the judgment against it, it was entitled to be substituted to all the rights the judgment plaintiff had against Hart & Sousley, and among these was the right to have an assignment of the Fleming County judgment, and by virtue of this assignment it acquired all rights against Hart & Sousley that the Louisville Banking Company had, but was not substituted by the assignment to any interest that Stone may have had in the Fleming County judgment, because it did not obtain within five years from the rendition of this judgment an assignment by Stone of his interest in it.

Wherefore, the judgment is reversed, with directions to enter a judgment in favor of appellant for the sum the record, in this case and the cases out of which this litigation grows, shows the Louisville Banking Company was entitled to in the Fleming County judgment, with interest thereon from the date of that judgment, and a proportionate part of the cost of that judgment.