## Hendrickson v. New Hughes Jellico Coal Company.

(Decided December 5, 1916.)

### Appeal from Knox Circuit Court.

1. Damages—Future Suffering—Pleading.—Future suffering is an element of general damages in a personal injury action and need not be specially pleaded.

2. Damages—Physical Suffering—Measure of Damages—Instructions. —An instruction upon the measure of damages that limits the recovery to past pain and suffering is prejudicially erroneous when there is substantial evidence showing that there is likelihood that the plaintiff will continue to suffer because of the injury.

3. Appeal and Error—Trial—Argument of Counsel—Discretion of Court in Limiting.—In order to present the question in this court that the trial court abused a sound discretion in limiting arguments of counsel, the record must show the arguments were limited and that objection was made and exception saved to the action of the court in so doing.

4. Appeal and Error—Judgment.—Under the amendment of 1888 to section 757 of the Civil Code, enforcement of a judgment does not prevent an appeal therefrom, and acceptance of a voluntary payment of the judgment will not do so.

GOLDEN & LAY for appellant.

BLACK, BLACK & OWENS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant, then nineteen years of age, was employed on the eleventh day of December, 1913, in the mines of appellee at Ely, in Knox county, and while riding on a car of timber that was being taken into the mine was caught between the timbers and a low set-off in the roof of an entry and was severely injured. Upon a trial of this cause instituted by him against appellee to recover for the injuries thus sustained, he recovered a judgment for $1,000.00, from which he is appealing

upon the grounds that the trial court erred in the instruction upon the measure of damages and in limiting the argument to thirty minutes on a side. The instruction upon the measure of damages limited appellant's right of recovery to the pain and suffering he had already endured, while the instruction offered by appellant upon the measure of damages would have authorized in addition thereto a finding for appellant for the pain and suffering it was reasonably certain he would endure in the future as a direct and proximate result of his injury. The refusal of the court to include future as well as past pain and suffering as a measure for the damages appellant had sustained was clearly a prejudicial error, as there was substantial evidence to the effect that appellant's injuries were permanent and reasonably certain to cause pain and suffering in the future. L. & N. R. R. Co. v. Roe, 142 Ky. 456; S. Cov. & C. St. Ry. Co. v. Cleveland, 100 S. W. 283, 11 L. R. A. (N. S.) 853; Howard v. Henderson Traction Co., 121 S. W. 995 and L. & N. R. R. Co. v. Logsdon, 114 Ky. 746, and 13 Cyc. 139-246. As future suffering is an element of general damages it was not necessary that it be specially pleaded. Alexander v. Humber, 8 K. L. R. 619; L. & N. R. Co. v. Stewart, 163 Ky. 164.

2. Although we do not think thirty minutes was a sufficient time for argument of this case, in the trial of which twenty-six witnesses testified, whose testimony covers 194 typewritten pages, and eight instructions were given which cover four and one-half pages of typewritten matter, the question is not presented by the record before us, since it does not appear that the argument was limited or that appellant asked for more time or objected to the action of the court limiting the time of argument.

3. The record discloses the fact that after judgment was rendered herein, appellee paid to appellant the amount of the judgment, interest and cost, and that the attorneys for appellant made the following endorsement on the margin of the order book where the judgment is recorded:

"Received payment of the sum of $1,058.26 in full satisfaction of this judgment, interest and cost. This Dec. 3, 1915. James Hendrickson, by Golden & Lay, by W. R. Lay."

Counsel for appellee argues in brief that this constitutes cause for dismissal of the appeal; that by accepting satisfaction of the judgment appellant is precluded from appealing therefrom. This was the rule in this state prior to the amendment in 1888 to section 757 of the Civil Code, which changed the rule, as the amendment expressly allows an appeal to be prosecuted from a judgment although the judgment may have been enforced. N. C. & St. L. R. Co. v. Bean's Ex'r, 128 Ky. 758; Ohio River Contract Co. v. Pennybacker, 168 Ky. 78.

There is nothing in the above receipt to indicate that the payment was made or accepted in compromise of the cause of action, but upon the other hand upon its face it states it was simply in satisfaction of the judgment. Since by the provision of our code the enforcement of a judgment does not prevent an appeal therefrom, the acceptance of a voluntary payment of the judgment will not do so.

No motion having been made as required by rule VIII. of this court, the question as to costs for transcript of part of record stated in brief not to be necessary to this appeal cannot be considered.

For the reasons indicated the judgment is reversed and the cause remanded.