## Cravens v. Merritt, Jr.

(Decided January 18, 1918.)

## Appeal from Christian Circuit Court.

1. **Appeal and Error—Law of the Case.**—The opinion rendered by this court upon the first appeal is the law of the case upon subsequent trials.

2. **Appeal and Error—Release of Judgment.**—A release reading, "This judgment satisfied in full, this July 5, 1917," signed by plaintiff and his attorney, will not prevent an appeal where the judgment is not the full amount sought; but where the claim or cause of action is settled, no appeal will lie.

3. **Appeal and Error—Instructions—Verdict.**—Where the trial court, without objection from either side, orally instructs the jury that nine or more of their number agreeing may return a verdict, it is too late upon appeal to raise the question that this instruction was not in writing.

TRIMBLE & BELL for appellant.

C. H. BUSH & W. H. SOUTHALL for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is the second appeal of this case; the opinion on the first appeal is found in Vol. 168, Ky. 155.

Upon a second trial before a jury plaintiff was awarded one thousand dollars in damages. This verdict was rendered on June 22nd, 1917, and judgment entered thereon on July 5th, 1917. This notation was entered on the margin of the page opposite the judgment:

"This judgment satisfied in full, this July 5th, 1917.

"Ira D. Smith, Attorney for B. P. Cravens. Attest: C. R. Clark, Clerk."

The appellee, Merritt, has entered a motion to dismiss this appeal because the judgment has been satisfied. Under section 757, Civil Code, it is provided that "When a party recovers judgment for only a part of the demand or property he sues for, the enforcement of such judgment shall not prevent him from prosecuting an appeal therefrom as to so much of the demand or property sued for that he did not recover." Construing this section this court has on several occasions held that, where one sues for damages and recovers a sum less than the whole amount sought and this judgment is

satisfied, the plaintiff may prosecute an appeal as though the judgment had not been satisfied. The rule is different, however, where the cause of action is settled. There is a clear distinction between the settlement of a judgment and the settlement of a cause of action. In the recent case of Hendrickson v. The New Hughes Jellico Coal Company, 172 Ky. 568, it is said:

"Counsel for appellee argues in brief that this constitutes cause for dismissal of the appeal; that by accepting satisfaction of the judgment appellant is precluded from appealing therefrom. This was the rule in this state prior to the amendment in 1888 to section 757 of the Civil Code, which changed the rule, as the amendment expressly allows an appeal to be prosecuted from a judgment although the judgment may have been enforced. N. C. & St. L. R. v. Bean's Ex'r., 128 Ky. 758; Ohio River Co. v. Pennybaker, 168 Ky. 78.

"There is nothing in the above receipt to indicate that the payment was made or accepted in compromise of the cause of action, but upon its face it states it was simply in satisfaction of the judgment. Since by the provisions of our code the enforcement of a judgment does not prevent an appeal therefrom, the acceptance of a voluntary payment of the judgment will not do so."

The motion of appellee to dismiss the appeal must, therefore, be overruled.

Appellant urges that the verdict of the jury and judgment of the court is not sustained by the evidence and is contrary to the law. From a reading of the evidence one is forced to the conclusion that the jury has awarded appellant (plaintiff below) fully as much as he is entitled to; and it can not be said that any prejudicial error was committed against appellant in this regard. It is also insisted that the trial court erred in refusing to allow appellant to offer the infant child, the fruits of the illicit intercourse, in evidence to support his contention that appellee was guilty of the criminal conversation charged, it being claimed that the child bore his features. Since appellant was awarded a verdict for one thousand dollars, it is impossible to see how his rights were prejudiced by the failure of the court to allow profert of the child, for it is manifest that the jury concluded from the evidence that appellee was guilty of the criminal conversation, and to have allowed

the introduction of this evidence could not, in the nature of things, have augmented the verdict, and this is the sole ground of complaint of this error. This evidence, if competent at all, could have served no purpose other than to establish the fact that appellee had been guilty of having the intercourse charged in the petition; and since the jury found the fact in appellant's favor upon this point, it was not prejudicial error of the court to refuse to allow appellant to exhibit the child before the jury and make it a part of the evidence.

Appellant next insists that the trial court failed to instruct the jury that nine, or more, of their number agreeing could return a verdict. In the record, however, we find a certificate of the trial judge, stating that after giving the written instructions shown in the record, "I orally instructed the jury, without objection from either side, that nine or more of them could make a verdict; but if a less number than twelve made a verdict, those agreeing to it must sign it." It is not imperative that this instruction should be in writing, but if, without objection, the jury be told by the trial judge, in open court, that nine or more of their number agreeing may return a verdict, the requirement will be satisfied.

But one written instruction was given upon the trial and this is complained of upon this appeal. The rule is that the opinion of this court rendered upon the first appeal is the law of the case in the subsequent trials, touching questions presented and discussed in the opinion. Upon the first appeal of this case, this court set forth fully and carefully the instructions to be given upon the next trial, and this direction was assiduously carried out in the trial of which appellant now complains. After a careful examination of the entire record we fail to find error prejudicial to the substantial rights of appellant.

The judgment is, therefore, affirmed.