## Dawson v. Jenkins.

(Decided May 29, 1923.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Pleading—Construed to Support Judgment if Not Theretofore Attacked.—Where the sufficiency of the petition was not challenged by demurrer or other form of objection, it will be construed, if possible, after judgment so as to sustain the judgment.

2. Guardian and Ward—Guardian Settlement Not Prima Facie Correct if Unaccompanied by Vouchers.—In an action by a ward to surcharge the settlement of his guardian, the settlement is not even prima facie correct, where there were no proper vouchers for the expenditure of a large portion of the money received, but the burden was on the guardian to show the proper expenditure of the money.

3. Guardian and Ward—Guardian Must Show by Clear Evidence Proper Expenditure Not Represented by Vouchers.—Guardians are held to a high degree of accountability, and, where the settlement is not prima facie correct because of the absence of proper vouchers, a guardian who seeks to justify the expenditure of any portion of the principal of his ward's estate must show by clear and satisfactory evidence that the expenditure was made for purposes authorized by the statute.

4. Guardian and Ward—Evidence Held to Warrant Judgment Surcharging Guardian Settlement.—Where a guardian's settlement was not prima facie correct because there were no vouchers for the expenditure of a portion of the principal, and it was impossible to tell from the evidence what became of that portion of the principal, and it was not clearly shown that any of it was expended for the purpose authorized by the statute a judgment surcharging a guardian settlement was properly rendered against the guardian and his surety.

J. B. BRACHEY and BEN CHAPEZE for appellant.

W. G. DEARING and J. L. RICHARDSON for appellee

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

R. F. Hays was appointed guardian of Andrew J. Jenkins, an infant, and executed bond with J. B. Dawson as surety. The guardian employed attorneys to sue for personal injuries, which Jenkins had received. The case was compromised for $800.00. Thereafter the guardian filed in the Jefferson county court a settlement of his accounts, which was approved by the court. According to the settlement, the sum of $320.00 was paid as attorney's fee, and the balance of $480.00 was expended for necessaries for the ward. Accompanying the settlement were the affidavits of the ward's parents to the effect that the money had been so expended.

This action was brought by the ward against his guardian and surety to surcharge the settlement. On final hearing judgment was rendered in favor of the ward in the sum of $648.45. The surety appeals.

It is first insisted that the petition is defective. The sufficiency of the petition was not challenged by demurrer or other form of objection, and following the rule that after judgment a pleading will be construed, if possible, so as to sustain the judgment where no objection was made to it before the hearing, we conclude that the petition is sufficient. Home Insurance Co. v. Chowning, 192 Ky. 327, 233 S. W. 731.

Appellant's chief reliance is on the *prima facie* correctness of the county court settlement. Accompanying that settlement, however, there are no proper vouchers for the expenditure of any portion of the $480.00. That being true, in this action to surcharge the settlement, the settlement was not even *prima facie* correct, but the burden was on the guardian to show the proper expenditure of the money. Commonwealth, &c. v. Graves County Bank & Trust Co., 159 Ky. 455, 167 S. W. 411. Guardians are held to a high degree of accountability in the management and expenditure of their ward's estate, and where the settlement in the county court is not *prima facie* correct because of the absence of proper vouchers, a guardian who seeks to justify the expenditure of any portion of the principal of his ward's estate should show by clear and satisfactory evidence that the expenditure was made for the purposes authorized by the statute. It is impossible to tell from the evidence exactly what became of the $480.00. Some of it seems to have been used for the payment of the debts of the ward's father, some

of it for the support of the father's entire family, of which the ward was a member, and perhaps some of it is still in the hands of the guardian. Indeed, it is by no means clear that a single dollar of the money was ever expended for the purposes authorized by the statute. In view of this showing, we do not see how the chancellor could have done otherwise than render judgment against the guardian and his surety for the full sum of $480.00, together with interest as fixed by the statute. While this is a hardship on appellant as surety, it is a hardship that always falls to the lot of one who guarantees the fidelity of another who fails to comply with the requirements of the law.

Judgment affirmed.