# Fidelity & Casualty Company of New York v. Farmers' & Merchants' Bank of Tolu, et al.

### (Decided February 7, 1928.)

## Appeal from Crittenden Circuit Court.

1. Subrogation.—Doctrine of subrogation is a creature of equity, and is applied only where it will work no injury to rights of others having equal or superior equities, and will not overthrow or defeat legal rights.

2. Equity.—A person who invokes doctrine of subrogation must come into court with clean hands and doctrine will not be applied to tortious transaction at instance of one liable as tort-feasor.

3. Subrogation.—A party claiming through subrogation must necessarily claim by virtue of derivative right which presupposes an original right.

4. Banks and Banking.—Wards possessed no lien on assets of insolvent bank, and were not entitled to any preference in distribution of assets by reason of general deposit of money by guardian, and guardian's surety, having been required to pay such sum by reason of suretyship was not thereafter entitled to any preference on theory of subrogation.

W. A. BERRY for appellant.

GORDON, GORDON & MOORE, for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action was instituted in the court below by the Fidelity & Casualty Company of New York for the purpose of obtaining a judgment awarding it priority in the distribution of the assets of an insolvent state bank. The suit is grounded upon a claim that the appellant is subrogated to the rights of a guardian, for whom it was surety, and by reason of which suretyship it was compelled to pay to the wards the sum of $17,277.83, which had been lost by the guardian through the failure of the bank. The assumed right to which appellant claims subrogation is that of the guardian to preference in the distribution of the assets of the insolvent bank, now in process of liquidation by the state banking commissioner and his subordinates. The court below sustained a demurrer to the petition, and dismissed the action, from which judgment this appeal has been taken.

The facts out of which the case arises fully appear in the opinion of this court in Foley's Adm'r v. Robertson's Guardian, 215 Ky. 647, 286 S. W. 851, and need not be restated. It was there held that the principal and

surety, by reason of the agreement for joint control of the estate, were absolutely liable for a loss of the trust fund. The petition in this case sets up the same facts, and adopts by reference the opinion and judgment of the Court of Appeals in that case.

The doctrine of subrogation is a creature of equity, and is applied only where it will work no injury to the rights of others having equal or superior equities, and will not overthrow or defeat legal rights. Probst v. Wigginton, 213 Ky. 610, 281 S. W. 834; Illinois Surety Co. v. Mitchell, 177 Ky. 367, 197 S. W. 844, L. R. A. 1918A, 931; Godfrey v. Alcorn, 215 Ky. 465, 284 S. W. 1094, 51 A. L. R. 925.

It is to be observed that a person who invokes the doctrine of subrogation must come into court with clean hands, and it will not be applied to a tortious transaction at the instance of one liable as a tort-feasor. German Bank of Memphis v. United States, 148 U. S. 573, 13 S. Ct. 702, 37 L. Ed. 564. But we do not decide that question, in view of the conclusion we have reached on another feature of the case, which is decisive of the issue raised on the present record.

If it be conceded for the purposes of this decision that a surety on the bond of a fiduciary, who has without fault himself been compelled to pay for the default of his principal, is entitled to be subrogated to the rights of the cestui que trust against one who has wrongfully appropriated part of the trust estate (Farmers' & Traders' Bank of Shelbyville v. Fidelity & Deposit Co., 108 Ky. 384, 56 S. W. 671, 22 Ky. Law Rep. 22), it is still necessary to decide whether the cestui que trust ever had any right to a lien.

A party claiming through subrogation must necessarily claim by virtue of a derivative right, and a derivative right presupposes an original right. If the right to which the surety claims subrogation does not exist, the foundation of the claim falls. Farmers' Nat. Bank v. Farmers' & Traders' Bank, 159 Ky. 141, 166 S. W. 986, L. R. A. 1915A, 77.

It does not appear, from the facts alleged in the petition, that the wards ever possessed any lien on the assets of the insolvent bank, or were entitled to any preference in the distribution of the bank's assets. The appellant relies on cases from sister states, but upon a review of such authorities this court, in the case of New

Farmers' Bank, Trustee, v. Cockrell, Receiver, 106 Ky. 578, 51 S. W. 2, 21 Ky. Law Rep. 177, reached the conclusion that the law of Kentucky was contrary to that declared by the courts of such sister states. It was there held that a trustee, who deposited the trust funds in a bank upon interest, became merely a creditor of the bank, and when the trust funds were commingled with the general funds of the bank, and the bank made an assignment for the benefit of its creditors the trustee was not entitled to a preference or priority in the distribution of the bank's assets.

Again, in the case of Smith, Banking Commissioner, v. Arnold, Master Commissioner, 165 Ky. 214, 176 S. W. 893, it was held that a master commissioner and receiver of a circuit court, who deposited money in a bank, as was his statutory duty, was merely a creditor of the institution, and not entitled to priority in the distribution of assets when the bank became insolvent and was in process of liquidation. In the course of the opinion it was said:

"The law and a sound public policy will not favor preferences in the liquidation of an insolvent bank, and, in the absence of statutory provisions to the contrary, we see no reason why the funds deposited in the designated depository by the master commissioner and receiver, in obedience to the statute, should stand on any higher ground than the funds of the other depositors."

In the case of McAfee v. Bland, 11 S. W. 439, 11 Ky. Law Rep. 1, referring to a deposit by a trustee of trust funds, the court said:

"The fact that it was a trust fund in the hands of the assignee does not matter, inasmuch as he had a right to make the deposit, and the bank had an equal right to use it in the ordinary way in its business. The fund stood upon the same footing as any other general deposit."

In the late case of Farmers' Bank v. Bailey, 221 Ky. 55, 297 S. W. 938, this court gave a careful consideration to this entire subject, and upon an exhaustive examination of the authorities held that general deposits in a bank created the relation of debtor and creditor, and did not entitle a depositor of a trust fund to a preference in the distribution of the assets of an insolvent bank.

In view of these decisions, we are constrained to hold that the circuit court did not err in sustaining the demurrer to the petition in this case. The pleading is not so framed as to present the question whether the appellant has by subrogation any right to participate as a general creditor of the insolvent bank, and that question is not passed upon or precluded by this opinion. All that is now decided is that the appellant, on the present record, is not entitled, by subrogation or otherwise, to any priority in the distribution of the assets of the insolvent bank.

Judgment affirmed.