## Robertsons' Guardian et al. v. Fidelity & Casualty Company of New York.

(Decided December 21, 1928.)

FERGUSON & WELLS and CHARLES FERGUSON for appellants.

W. A. BERRY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

A preliminary question of appellate practice is presented, and must be determined in advance of a consideration of the merits. Appellee submitted a motion to dismiss the appeal, which was passed to a hearing on the merits, and it must now be decided. The plaintiff recovered a judgment for less than the amount claimed, took an exception, and was granted an appeal. The judgment was then paid, and it was assigned to Charles L. Newmiller. The basis of the motion is that the rights of the appellant under the judgment have been extinguished, and that no right of appeal remains. Section 757 of the Civil Code provides that, when a party recovers a judgment for only part of the demand or property he sues for, the enforcement of such judgment shall not prevent him from prosecuting an appeal therefrom as to so much of the demand or property sued for as he failed to recover. This provision was an amendment to the Code, added by the Act of March 24, 1888. Prior to that time it was held that accepting satisfaction of a judgment barred the right of appeal. Brown v. Vancleave, 86 Ky. 381, 6 S. W. 25, 9 Ky. Law Rep. 593. But since the amendment it is settled that, where a party recovers only a portion of the claim asserted, he may enforce collection of that part, and yet appeal on the ground that inadequate relief was afforded by the judgment. O'Connor & McCulloch v. Henderson Bridge Co., 95 Ky. 633, 27 S. W. 251, 983, 16 Ky. Law Rep. 244; Hendrickson v. New Hughes Jellico Coal Co., 172 Ky. 568, 189 S. W. 704; Nashville, C. & St. L. v. Bean's Ex'r, 128 Ky. 758, 109 S. W. 323, 33 Ky. Law Rep. 114, 129 Am. St. Rep. 333; Ohio River Contract Co. v. Pennybacher, 168 Ky. 78, 181 S. W. 946; Cravens v. Merrit, 178 Ky. 727, 199 S. W. 785.

Treating the pleading of Newmiller, in which the facts are presented, as made on behalf of the appellee, although it should have been by appellee itself (Civil

Code, sec. 758), we are brought to a consideration of the effect of an assignment of a judgment upon the right to appeal therefrom. No reason is suggested why the assignment of a judgment for partial relief should have any greater effect than a satisfaction. When a surety pays a judgment, he is entitled to an assignment of it (section 4666, Ky. Stats.), which is thus made an incident of the payment. If the appellant had declined to assign the judgment when paid by the appellee, who was a surety for the guardian, the court would have coerced compliance with the statute. Fidelity & Deposit Co. v. Sousley, 151 Ky. 39, 151 S. W. 353; Patton v. Smith, 130 Ky. 819, 114 S. W. 315, 23 L. R. A. (N. S.) 1124; Veach v. Wickersham, 11 Bush, 261.

The assignment by appellee merely transferred the right given by the judgment to collect the amount adjudged to be due from the delinquent guardian and his surety. It did not transfer or affect the right to appeal to this court on the ground that an additional sum should be recovered. We conclude that the assignment of the judgment did not affect the right of appeal (Nicholas County v. McNew, 7 Rep. 364), and the motion to dismiss the appeal must be denied.

E. V. Robertson and T. H. Robertson are infants. J. D. Foley was their guardian, and on April 25, 1922, made a settlement of his accounts, which was recorded in the clerk's office of the Livingston county court. He made another settlement on June 13, 1923, which was likewise recorded. The present action is to surcharge those two settlements. The plaintiff, who is the present guardian of the infants, sought judgment against the former guardian and his surety in the sum of $3,779.23, the amount of alleged improper credits allowed in the first settlement, and $2,463.13, for similar items allowed in the second settlement. Certified copies of the settlements were exhibited with the petition. J. D. Foley, the former guardian, was dead, and the administrator of his estate filed an answer, stating that the estate was insolvent and unable to pay any part of the claim. The answer further stated that no defense could be made by the administrator. The Fidelity & Casualty Company of New York, surety in the guardian's bond, filed an answer and cross-petition, relying upon the settlements as correct and conclusive, and, if a recovery was allowed against it, asking reimbursement of a former surety. No question is now presented respecting that branch of the case.

No proof was taken, both parties standing upon the settlements. The plaintiff claimed that his case was established, because no vouchers were filed with the settlements, and that the credits should not be allowed without them. The defendant claimed that the settlements were sufficient, and at least prima facie correct, which imposed upon the plaintiff the burden of showing that the expenditures for which credits were allowed had been improperly made. It appeared that no vouchers whatever had been filed with the settlements, but the guardian had been allowed the credits upon canceled checks, which were treated as vouchers. In the first settlement 53 checks, aggregating $2,209.75, were not indorsed by any payee. Two credits, amounting to $380.64, were accompanied by no vouchers whatever. Six canceled checks aggregating $458.40, were made payable to the guardian himself, and indorsed by him. Eight checks, aggregating $426.85, were payable to and indorsed by Foley & Phillips, a firm of which the guardian was a member. In the second settlement, there were checks not indorsed aggregating $1,047.41, and several credits without any vouchers, amounting to $936.80. Credits were allowed for checks to the order of the guardian himself for $298, and to Phillips & Foley for $60.93. These constitute the items sued for, except certain checks to third parties, aggregating $303.59 in the first, and $119.99 in the second, settlement, which were properly indorsed by the payees. No vouchers were filed, other than the checks. The total sum of all such credits is sought to be recovered from the surety company.

The lower court entered judgment for plaintiff for $100 allowed in the first settlement, which was listed merely as expenses, and also for $15 allowed in the settlement as an expense of an auto trip to Smithland, and for $10 allowed as an expense of making one of the settlements. The court also gave judgment for plaintiff for $1,500 for the value of certain stock that had been erroneously allowed in one of the settlements, as was alleged in an amended petition. The guardian appeals because he was denied a recovery for the other amounts claimed.

It is provided by Kentucky Statutes, sec. 2038:

"The necessary vouchers shall accompany and remain with the guardian's accounts presented for settlement, which, when properly made, shall be prima facie evidence in his favor; but it may be sur-

· charged and falsified by any person interested therein, who did not contest the settlement.''

A voucher means, when used in connection with the disbursement of money, a written or printed instrument, in the nature of a bill of particulars, account, receipt, or acquittance, that shows on its face the fact, authority, and purpose of the disbursement. 40 Cyc. 228; People v. Swigert, 107 Ill. 495; State v. Moore, 36 Neb. 579, 54 N. W. 866.

The established rule is that a settlement by a guardian is prima facie evidence of its correctness, when it is accompanied by vouchers showing a payment and the purpose for which the payment was made, if the purpose was a proper one. In the absence of proper vouchers for the credits allowed, the settlement is not prima facie evidence of its correctness, and the burden is on the guardian to establish by competent evidence that the credits are due him for expenditures lawfully made on behalf of the wards. Dawson v. Jenkins, 199 Ky. 420, 251 S. W. 205; Com. v. Graves County Bank & T. Co., 159 Ky. 455, 167 S. W. 411.

A canceled check is undoubtedly a sufficient voucher, when it is properly indorsed and shows that it was an expenditure which the guardian was entitled to make. See section 2034, Ky. Stats. But a check payable to the guardian himself, or to a partnership in which he is interested, is not such a voucher as the law contemplates. A check not indorsed is but an unsigned receipt, and it possesses no probative value. The checks given to third parties for items apparently necessary and proper for the infants, and properly indorsed, may be accepted as prima facie evidence of the correctness of those expenditures. In the absence of evidence sustaining the credits allowed on the canceled checks given to the guardian or his firm, and upon checks without the indorsement of the payees, the present guardian was entitled to recover of the guardian and his surety the amounts so improperly credited.

An amended petition was filed, alleging that an item of $1,500, representing the value of 36 shares of stock in an insurance company, had by mistake been credited twice in the settlements, and that recovery should be allowed for that sum, in order to correct the duplicate discharge thus given the guardian for that amount. The averments were denied, and no proof was offered to establish the claim. The circuit court nevertheless allowed

the item. No appeal or cross-appeal has been taken by the surety company, and yet the proper amount recover-able by plaintiff cannot be determined without consideration of that item. The first settlement involved in this case recited that $1,500 for insurance stock had been charged to the guardian in the last previous settlement of March 30, 1920, but that it was not a proper charge, and was deducted from the balance shown by the former settlement, resulting in a new balance after deducting the $1,500 item. But it was again charged to the guardian in the same settlement of April 25, 1922, and he filed exceptions to that charge, which were overruled, and an appeal taken to the circuit court. The circuit court sustained the exceptions, and directed the item of $1,500 to be stricken as a charge against the guardian. This was then done, and the balance in the guardian's hands taken for the next settlement was $21,812.28, less $1,500, or $20,-312.28, upon which interest was charged. It thus appears that there was nothing to sustain the allegation that the $1,500 had been improperly deducted, and the judgment of the circuit court erroneously included it as an item to be recovered.

We find that the plaintiff was entitled to a recovery on the credits improperly allowed in the sum of $5,818.78, being the items credited in the two settlements not accompanied by proper vouchers. But of this amount the sum of $125 was included in the judgment below, and the $1,500 erroneously allowed by the circuit court should be deducted. On a return of the case the court will enter a judgment for the plaintiff for the sum of $4,193.78, in addition to the previous judgment, which has been collected, with legal interest thereon from the date of the last settlement.

It is further argued that the will of T. H. Robertson, father of the infants, prohibited the guardian from expending in any year anything beyond the income, and that the plaintiff should be allowed to recover for all expenditures made by the guardian beyond the income that came into his hands. In view of the conclusion we have announced, it is not necessary to enter upon a discussion of the question. The income was in excess of the expenditures allowed the guardian after the settlements have been surcharged as we have directed. The credits allowed in the two settlements aggregated $7,021.19. The items which have been disallowed, because no proper vouchers were produced, bring the expenditures of the

guardian well within the income of the estate for the period involved.

Whilst not shedding any light on the present case, attention may be directed to Foley's Adm'r v. Robertson's Guardian, 215 Ky. 647, 286 S. W. 851, and Fidelity & Casualty Co. v. Farmers' & Merchants' Bank of Tolu, 223 Ky. 32, 2 S. W. (2d) 1048, where other cases growing out of Foley's guardianship are reported.

The judgment is reversed, with directions to enter a judgment in favor of plaintiff for $4,193.78, with interest at 6 per cent. per annum from the 13th day of June, 1923.