## GREIS v. FIDELITY & CASUALTY CO. OF NEW YORK.

### No. 2275.

District Court, N. D. Oklahoma.

June 4, 1937.

W. F. Semple, of Tulsa, Okl., for plaintiff.

Hagan & Gavin, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

Defendant issued to plaintiff and his predecessors in title forgery bonds indemnifying him, and any bank in which he carried a deposit, against loss through payment by plaintiff or the bank "(1) of any check, draft, note or any other written promise, order or direction (to) pay a sum certain

in money (a) upon which the signature of the Obligee as maker or drawer or acceptor thereof shall have been forged; and/or (b) made or drawn by the Obligee upon which the signature of any endorser thereof shall have been forged; and/or (c) made or drawn or accepted by the Obligee which shall have been raised or altered in any other respect * * * ; and/or (2) of any draft or any other written direction or order to pay a sum certain in money directed to or drawn upon or against the Obligee upon which the signature of the maker or drawer or any endorser thereof shall have been forged."

From time to time the Chicago Blue Print Company rendered invoices to plaintiff for supplies furnished. These invoices were approved for payment by plaintiff's representatives, who signed their O. K. or approval on each invoice. One of plaintiff's employees raised and otherwise altered the invoices after such approval (in some instances the entire invoice was fictitious), after which, in the regular course of plaintiff's business, the invoices were used in preparing vouchers for its payment. To each voucher the appropriate invoice was attached as a supporting document, and in due course checks were issued to pay the amounts of the invoices. The employee purchased supplies from the Blue Print Company for his own use and procured payment therefor to be made by plaintiff by raising and altering the invoices and procuring approval of fictitious invoices as stated.

It must be conceded that the invoices, at the time they were attached to the voucher, were forged. Brooks v. Gray-Von Allmen Sanitary Milk Co., 211 Ky. 462, 277 S.W. 816, 46 A.L.R. 1207; People v. Wilson, 139 Cal.App. 139, 33 P.(2d) 476; State v. Walton, 107 S.C. 353, 93 S.E. 5; 12 R.C.L. p. 146; 26 C.J., p. 902.

That the invoices were forged is not enough. The decisive question is whether they are checks, drafts, notes, or any other written promises, orders, or directions to pay a sum certain in money within the purview of defendant's policies.

It is at once apparent that if invoices are covered by the policy, the coverage must be by the words "any other written promise, order or direction to pay a sum certain in money."

Plaintiff reasons that the invoice was signed by its employee as an approval of the account to put it in line for payment, and that it was attached to and became a part of the voucher, and the voucher was an order or direction to pay, etc. The conclusion is that defendant's policy covers the loss. First Trust & Savings Bank v. Southern Indiana Ry. Co. (D.C.) 195 F. 330; Louisville & N. R. Co. v. Johnson, 128 Ala. 634, 30 So. 580, 581; Camp & Du Puy v. Lauterman, 78 Or. 134, 152 P. 288, 289; State ex rel. Dales v. Moore, 36 Neb. 579, 54 N.W. 866, 867; and Robertson's Guardian v. Fidelity & Casualty Co., 227 Ky. 114, 12 S.W.(2d) 298, 300, are cited in support of this conclusion. These cases do define the meaning of the term "voucher." But it seems to me, and I hold, that a voucher is not forged because a supporting document attached to it is forged, even if a voucher be within the protection of defendant's policy.

An invoice "is merely another term for bill rendered," "a list of goods sold and the prices charged for them"; it "is neither a bill of sale, nor evidence of a sale, and, standing alone, furnishes no proof of title," 4 Words and Phrases, First Series, p. 3761; 33 C.J. 811. The approval of such a document by plaintiff's employee did not change its essential character, but was plaintiff's verification of the correctness of the creditor's billing. The approved invoice, standing alone, was not a written promise, order, or direction for the payment of money. It possesses none of the characteristics of such a promise, order, or direction. No one could have taken the approved invoice and collected money because of anything contained in it. Plaintiff's business routine did not contemplate that such should be the case, as witness the compilation of vouchers and the issuance of checks for the amounts thereof.

I hold that forgery of an approved invoice is not a written promise, order, or direction for the payment of money as those terms are used in the policy sued on.

Judgment for defendant.

Counsel will prepare a decree accordingly.