## 9711

### STATE v. WALTON.

#### (93 S. E. 5.)

1. FORGERY—EVIDENCE—SUFFICIENCY.—In a prosecution for forging a cotton ticket, evidence *held* not to show that the cotton weigher, and not defendant, altered the figures of the weights thereon.

2. FORGERY — INSTRUCTIONS SUBJECT TO FORGERY — COTTON TICKET — "FORGERY."—A cotton ticket, reciting that weigher sold to M., cotton buyer, three bales of cotton, and giving number and weights of bales, on being delivered by weigher, made the buyer liable to seller, and an alteration of the figures of the weights thereon would be a forgery within the definition that "forgery" is the material altering with intent to defraud of any writing which, if genuine, might apparently be the foundation of a legal liability.

3. FORGERY—EVIDENCE—SUFFICIENCY.—In a prosecution for forging a cotton ticket, evidence *held* to warrant a jury finding that defendant made the alterations thereon.

4. CRIMINAL LAW—CHARGING ON MATTERS OF FACT.—In a prosecution for forgery, the Court's charge that: "Some claim has been made here in your hearing that he has been hurried into a trial and not given an opportunity to prepare for it. * * * You will see upon an examination of the indictment that the claim is entirely unfounded. This indictment was signed by Mr. H., and it was here at the last term of the Court, so that the defendant has had ample opportunity to secure a lawyer to represent him, and he should be prepared to present any defense that he might have. There is, therefore, no merit in that conclusion"—was not a charge in respect to matters of fact in violation of the Constitution.

23—107.

Before MEMMINGER, J., Orangeburg, January, 1916. Affirmed.

R. A. Walton was convicted of forgery, and he appeals.

The instrument charged to have been forged was as follows: Orangeburg, S. C., 9-30-1914.   M. R. A. Walker: Sold to John F. Newborne, Cotton Buyer, 3 bales Cotton, Marks 7.   Our Number, 2; weight, 694.   Our Number 3; weight, 665.   Our Number, 4; weight, 668.   Jeff Stro. Cotton sold on this ticket to weigh over 400 pounds, and bagging not to exceed six yards per bale.

*Mr. Jacob Moorer,* for appellant, submits: *Instrument not subject of forgery:* 9 A. & E. Enc. L. 1110, 1111; 200 Mo. 29; 120 Ala. 388; 37 Tex. 591.   *Motion to direct verdict:* Ann. Cas. 1913e, 427, 428; 89 S. C. 810; Ann Cas. 1912c, 817.   *Charge expressed opinion on facts:* 56 S. C. 524; 68 S. C. 153; 81 S. C. 379.   *Mere mutilation of ticket:* 8 A. & E. Enc. of L. (1st ed.) 462.

*Mr. Solicitor Salley,* for respondent.

June 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The defendant was tried and convicted for forging a "cotton ticket."

These are the circumstances of the transaction: The defendant sold three bales of cotton to one Newborne, at seven cents; the buyer at the instant made out a paper writing to evidence the sale; let it be reported.   The buyer omitted of a purpose to set down on the writing the weights of the three bales.   That was the office of a public cotton

weigher, whose business was to weigh the three bales and insert in the paper writing the true weights

The weigher testified he weighed the cotton and so inserted the true weights, and gave the paper writing to the defendant; that the bales weighed 494, 465 and 468 pounds, respectively. The weigher also testified that the defendant told him that no other person than the defendant himself had possession of the ticket; and the defendant did not deny that. When the paper writing was returned by the defendant to the purchaser, to get payment for the cotton, the weights appeared thereon to be 694, 665 and 668. The weigher testified that the figure which evidenced the hundreds had been plainly raised from "4" to "6," and thus 200 pounds artificial weight had been added to each bale of cotton. There is no denial that the bales actually weighed each 400 plus.

The appellant's counsel suggested at the bar that the cotton weigher first wrote the character "4" and then for some unexplained but not wrongful purpose, wrote over it the character "6;" and he comes to that conclusion from what the weigher testified. The testimony does not at all warrant such a conclusion. The witness said: "Q. According to that ticket that '6' was put there in the place of the '4'—can you see a '4' on that ticket? A. Yes, sir; I sharpened my pencil fresh and I saw after the number was erased, you could see the impression of the '4.' Q. Can you see the impression now? A. Yes, sir; I can see the '4.' Q. Have those figures been tampered with? A. Yes, sir; 200 pounds to the bale. Q. You will swear to the other figures? A. Yes, sir; I can see the print of the 4's. Q. Those figures are not your figures? A. No, sir, not the 6's. The 4's in each instance were changed to a 6? A. Yes, sir."

The defendant's only witness testified he was with the defendant from the time the defendant got the writing from the weigher to the time the defendant delivered the writing to the buyer; that witness was not watching the defendant;

but that, as far as he saw, the defendant did nothing towards altering the writing.

The eight exceptions are all unprofitable; we shall not consider them *seriatim,* but instead of that we shall follow the heads of the printed argument.

The suggestion is made that the writing, called a cotton ticket, was not apparently valid; that it does not state the price of the cotton; that it constituted no liability. Forgery is: "The material altering, with intent to defraud, of any writing which, if genuine, might apparently be the foundation of a legal liability." Black's Dictionary.

When the paper was delivered by the weigher to the defendant, then the buyer became liable to pay the seller for three bales of cotton of the weights specified by the weigher, and at the price of seven cents stated on the paper. If the defendant changed the weights of each bale to 600 plus, with the intent to defraud the buyer out of an aggregate of 600 pounds of cotton at seven cents, that was forgery. It was argued at the bar that the testimony showed the forger bungled his work, that the alteration was manifest, and that, therefore, the offense was not accomplished. The inference is that a man must be an expert at forgery before he becomes a lawbreaker. The statement of the proposition is an answer to it.

2. The suggestion that there was no evidence that the defendant made the alteration is totally without merit. It is true the fact rested in the circumstance. We have stated the circumstances, the fact of them was for the jury, and they abundantly warranted the conclusion to which the jury came.

3. The other head of the argument charges that the Court violated the Constitution by stating the facts. The Court

said : "Some claim has been made here in your hearing that he has been hurried into a trial and not given an opportunity to prepare for it. That he has not been given an opportunity to prepare a defense. You will see upon an examination of the indictment that the claim is entirely unfounded. This indictment was signed by Mr. Hildebrand, and it was here at the last term of the Court so that the defendant has had ample opportunity to secure a lawyer to represent him, and he should be prepared to present any defense that he might have. There is, therefore, no merit in that conclusion. * * * Now, that is a question for you to decide from the facts. Was the instrument alleged to have been forged such an instrument as if it had been genuine he would have gotten money on it? Did he change the instrument with the intention of defrauding the party out of their money, out of more money than he was entitled to receive? Did he alter the paper and then go to work with the intention of realizing on it and defrauding the party mentioned in the indictment?"

It is plain from the words employed that the Court did not "charge the jury in respect, to matters of fact." No testimony was recited, no witness was named, no conclusion of fact was stated or suggested.

The cases cited by counsel are not relevant to the instant charge.

The judgment below is affirmed.