## Combs, et al. v. Bates.

(Decided October 24, 1912.)

### Appeal from Knott Circuit Court.

1. Sheriffs—Settlement Between Sheriff and Deputy—Contract Between—Appeal—Code Provision.—In an action by appellee, former sheriff, against appellant, his deputy, for an alleged balance due under a contract for the collection of taxes, appellant upon his counterclaim recovered a judgment, though for only a part of his demand. He was paid $314.00 in satisfaction of the judgment, interest and costs, but under section 757 Civil Code, this did not deprive him of the right of appeal as to so much of the demand sued for that he did not recover.

2. Sheriffs—Contract Between Sheriff and Deputy—Action Against Deputy by Sheriff—Erroneous Judgment.—The judgment of the lower court resulting in appellant having to lose interest and costs amounting to $342.00 which accrued in an action by the county against appellee, and which appellee should have paid was erroneous. Appellee had in his hands the money of appellant with which to pay it before he was sued by the county, and appellant is entitled to a judgment for $342.00 in addition to what he recovered.

H. H. SMITH, B. F. COMBS for appellant.

O'REAR & WILLIAMS and J. M. BAKER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellee, Robert Bates, was elected and served as sheriff of Knott County for the years 1894, '95, '96 and '97. He and appellant, J. W. Combs, one of his deputies, entered into a contract in 1896 whereby Combs agreed to collect all the taxes in precincts one and five of that county. A list of the taxpayers and the amount each was to pay, was made out and delivered to Bates and the tax books for these two precincts were delivered to Combs, who was to receive 5 per cent commission for collecting the taxes.

Appellee instituted this action in October, 1898, to recover of Combs a balance which he alleged was due him under the contract mentioned. Appellant filed an answer and counterclaim denying the allegations of the petition and alleging that Bates made a contract with him for the year 1897, to the effect that he was to perform the duties of sheriff in all respects; that he was to collect all the taxes in the county, and in consideration of this privilege he was to pay Bates $450 and one-half of the sums received for waiting on the courts of the county and one-half of the amount received for conveying prisoners to the penitentiary. All business was to be transacted in the name of Robert Bates as sheriff. Combs claims that Bates collected taxes that year from some of the largest taxpayers in the county and failed to pay his own; that he gave orders upon him to pay claims, due bills and notes, which he did, and for cash received from Combs. He specified in his pleading the exact amount of each transaction and gave the total which was something over $1,300, and credited Bates with $450 and $138, one-half of the amount he received for waiting on courts, and with one-half of what he received for conveying prisoners to the penitentiary, and these deductions left something over $800 due Combs for which he asked judgment against appellee. This action remained upon the docket until March 31, 1911, when it was tried and the court rendered a judgment in favor of appellant, for $204.83 with interest from March 18, 1903, and for the cost of the action. Appellant objected and excepted to the judgment and brought the case to this court.

Appellant was paid $314.00 in satisfaction of the judgment, interest and cost; this, however, did not deprive him of the right of appeal in this case. The latter part of Section 757 of the Civil Code of Practice is as follows:

"But when a party recovers judgment for only part of the demand or property he sues for, the enforcement of such judgment shall not prevent him from prosecuting an appeal therefrom as to so much of the demand or property sued for that he did not recover."

On motion of appellee, this case was referred to the master commissioner for settlement, and he made a separate report for each of the years, 1896 and 1897. The report for 1896 showed that appellant was indebted to

appellee in a small amount, but it showed for 1897 that appellee was indebted to appellant in an amount $71.00 in excess of his indebtedness to appellee. Appellee filed no exceptions to the reports, but appellant filed several, most of which, however, had reference to small matters. Some of appellant's exceptions were overruled and some sustained by the court and a judgment was rendered increasing the amount allowed by the commissioner to $204.83. Among the exceptions overruled was one item amounting to over $300.00, which exception is as follows:

"Because the commissioner charged the defendant, i. e., Combs, with the cost and accumulated interest on the judgment in Knott County v. R. Bates, appellee, for the year 1897, in the sum of $342.00 when in fact the same should not have been charged for the reason that defendant Combs had before the institution of the suit of Knott County v. R. Bates paid to him more than the amount of the judgment."

The facts with reference to this exception, as appears from the record, are in substance, these: The county sued Bates for its revenue unpaid for the year 1897. As between appellant and appellee, appellant was responsible, but appellee was responsible as sheriff to the county. It appears that the county recovered judgment in 1898 for $683.63, and that prior to that time appellant had paid appellee the amounts he had agreed to pay him, to-wit, $450.00 and $138.00. In addition to these items, Bates had in his hand the amount of his own taxes for that year and the amounts collected from some of the largest taxpayers in the county, and appellant had paid some notes and due bills and given him cash, all together amounting to as much or more that the amount the county obtained judgment for, and for these reasons appellant was unable to pay the full amount of the county's revenue for that year; and appellant claims that appellee had the money in his hands with which to pay it and that he should not, therefore, be charged with the interest on that judgment and the cost of the action; that appellee, Bates, should have paid it rather than he. The judgment obtained by the county was not paid until 1908, at least ten years after it was rendered. The great preponderance of the evidence shows these facts to be true. Appellant paid $320.00 on this judgment soon after it was rendered and appellee paid the

balance, $705.63, in 1908, which shows that all together the judgment, interest and cost amounted to $1,025.63. The interest on the judgment and the cost amounted to $342.00.

The judgment of the lower court resulted in appellant having to lose the interest on the judgment and the cost, $342.00, when it appears from the record that appellee should have paid it, as he had in his hands the money of appellant with which to pay it before he was sued by the county. If he had paid the sums in his hands which appellant had turned over to him, over and above the $450.00 and $138.00, on the claim due the county before the suit was brought, this interest and cost would have been avoided. As between appellee and appellant, appellee should have paid it, and appellant is entitled to a judgment against him for $342.00 in addition.

Therefore, the judgment is reversed and the case remanded for further proceedings consistent herewith.